United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERIE L. MOORE,<br><br>　　　　Plaintiff(s),<br><br>　v.<br><br>THE KROGER COMPANY,<br><br>　　　　Defendant(s).<br>_____/ | No. C-13-04171 DMR<br><br>**AMENDED ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [DOCKET NO. 29]** |

Defendant The Kroger Company ("Kroger" or "Defendant") has filed a motion for judgment on the pleadings. [Docket No. 29.] For the reasons stated below, the motion is **granted.**

### I. BACKGROUND

Plaintiff Cherie L. Moore alleges that she does business as "Concepts4Today," an "independent creative design and consumer goods company." Compl. [Docket No. 1] ¶ 3. Plaintiff claims that she owns the exclusive rights under the Copyright Act, 17 U.S.C. § 101 *et seq.*, to the "Personalizable Beverage Name Space." *Id.* at ¶ 6, Ex. A.[1]

---

[1] Exhibit A appears to be a certificate of copyright registration for a "2-D artwork" entitled "Personalizable Beverage Name Space" created by Plaintiff, with an effective date of registration of November 17, 2011. It lists the date of first publication as October 29, 2009. *Id.*, Ex. A. Exhibit A also contains drawings, photographs, promotional materials, and other documents describing the claimed work.

The "Personalizable Beverage Name Space" is a "simple space designed into any beverage label or container for the express purpose of personalization." *Id.*, Ex. A at 22. It is essentially a blank rectangle or oval, sometimes appearing with the word "Name" printed above it, meant to be incorporated into the design of a beverage label to provide a space for a person to write his or her name. *Id.*, Ex. A. *See also* Ex. C (United States Patent Application Publication No. US 2009/0266735, dated October 29, 2009) ("This invention is a method of identifying the user of any beverage container by making available an empty marked out area on any existing beverage label for the sole purpose [sic] in which anyone can write their own personal name, initials, or identification on to easily identify their own personal beverage.").

On September 9, 2013, Plaintiff, who is proceeding *pro se*, filed a complaint against Defendant for copyright infringement,[2] alleging that Defendant has copied, reproduced, distributed, advertised, sold, and/or offered to distribute or sell unauthorized copies of the "Personalizable Beverage Name Space" on Kroger brand water bottles without obtaining a license from Plaintiff. *Id.* at ¶ 12. Exhibit E to the complaint is an example of Defendant's allegedly unlawful copying: it appears to be the label of a Kroger brand purified drinking water bottle, with a rounded blank rectangle in which the words "NAME HERE:" are inscribed. *Id.*, Ex. E.

Defendant has filed counterclaims seeking declaratory judgment of non-infringement and copyright invalidity. Answer [Docket No. 14] at 7-8. Defendant now moves for judgment on the pleadings on Plaintiff's copyright infringement claim and Defendant's counterclaim for declaratory judgment for non-infringement.

## II. LEGAL STANDARD

**A.  Motion for Judgment on the Pleadings**

After the pleadings are closed, any party may move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). A Rule 12(c) motion challenges the legal sufficiency of

---

[2] Plaintiff claims to have submitted a patent application for the same to the United States Patent and Trademark Office. Compl. ¶ 6, Exs. B (Confirmation of receipt of provisional patent application No. 61/125,830, mailed May 13, 2008) and C (United States Patent Application Publication No. US 2009/0266735, dated October 29, 2009). However, it appears from the complaint that Plaintiff asserts only a claim of copyright infringement under 17 U.S.C. § 101 *et seq.*, not patent infringement.

the opposing party's pleadings and operates in much the same manner as a motion to dismiss under Rule 12(b)(6). *Morgan v. Cnty. of Yolo*, 436 F. Supp. 2d 1152, 1154-55 (E.D. Cal. 2006) *aff'd*, 277 F. App'x 734 (9th Cir. 2008). "The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing." *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Rule 12(b)(6) motions are typically brought before the defendant files an answer, while a motion for judgment on the pleadings can only be brought after the pleadings are closed. Fed. R. Civ. P. 12(b)(6), 12(c); *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004). "Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog." *Dworkin*, 867 F.2d at 1192.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). Likewise, judgment on the pleadings under Rule 12(c) is appropriate if, assuming the truth of all materials facts pled in the complaint, the moving party is nonetheless entitled to judgment as a matter of law. *Heliotrope Gen., Inc. v. Ford Motor Co.,* 189 F.3d 971, 979-80 (9th Cir. 1999). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

"On a 12(c) motion, the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (internal quotations omitted). *See also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."); *Emp'rs Ins. of Wausau v. Price Aircraft Co., LLC*, 283 F. Supp. 2d 1144, 1146 (D. Haw. 2003) (in a Rule 12(b) motion, "[t]he court may also consider documents attached to the complaint or answers because they are considered a part of the pleadings"). *But see Clark v. Chase Home Fin., LLC*, No. 08-cv-0500 JM (RBB), 2008 WL 2326307, at *4 (S.D. Cal. June 3, 2008) (court declines to consider documents attached to Answer where defendants failed to cite a single authority permitting court to do so on a Rule 12(c) motion); *Thomas v. Fin. Recovery Servs.*, No. 12-cv-1339 PSG (Opx), 2013 WL 387968, at *2 (C.D. Cal. Jan. 31, 2013) (citing *Clark* for the proposition that some courts have disagreed whether attachments to Answer may be considered in Rule 12(c) motion, and holding that declaration attached to Answer, where facts declared are challenged by the plaintiff, is deemed false).

**B. Copyright Infringement**

The Copyright Act provides that "[c]opyright protection subsists . . . in original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." 17 U.S.C. § 102(a). "The *sine qua non* of copyright is originality. To qualify for copyright protection, a work must be original to the author . . . mean[ing] only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 345 (1991).

"A plaintiff bringing a claim for copyright infringement must demonstrate '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1076 (9th Cir. 2006) (quoting *Feist*, 499 at 361). With respect to the first requirement, a "copyright, issued by an agency with expertise, is presumptively valid." *Bibbero Sys., Inc. v. Colwell Sys., Inc.*, 731 F. Supp. 403, 404 (N.D. Cal.

1  1988) *aff'd*, 893 F.2d 1104 (9th Cir. 1990).[3] *See also* 17 U.S.C. § 401(c) (a "[c]ertificate of
2  registration shall constitute *prima facie* evidence of the validity of the copyright"). "This
3  presumptive validity is rebuttable, but the party opposing the copyright must meet a very high
4  burden of proof to overcome that presumption." *Bibbero I*, 731 F. Supp. at 404 (quotation omitted).
5  "However, that burden is not insuperable, and courts frequently deny copyright protection for
6  authors who have been issued certificates." *Id.* With respect to the second requirement, absent
7  evidence of direct copying, "proof of infringement involves fact-based showings that the defendant
8  had 'access' to the plaintiff's work and that the two works are 'substantially similar.'" *Funky Films*,
9  462 F.3d at 1076.

## C. Leave to Amend

Under Federal Rule of Civil Procedure 15(a), leave to amend should be granted as a matter of course, at least until the defendant files a responsive pleading. After that point, leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay. Fed. R. Civ. P. 15(a). Rule 15(a) provides that the court should "freely give leave when justice so requires." *Id.* "This policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In the absence of an "apparent reason," such as undue delay, bad faith, dilatory motive, prejudice to defendants, futility of the amendments, or repeated failure to cure deficiencies in the Complaint by prior amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

### A. Blank Forms Rule

Defendant advances several arguments to rebut the presumptive validity of Plaintiff's copyright. The first is Defendant's argument that Plaintiff's "Personalizable Beverage Name Space" is a "blank form" that is not entitled to copyright protection.

---

[3] The court will refer to the district court decision in *Bibbero* as "*Bibbero I*" and the Ninth Circuit affirmation of that decision as "*Bibbero II*."

"It is well-established that blank forms which do not convey information are not copyrightable." *Bibbero II*, 893 F.2d at 1106 (citing John *H. Harland Co. v. Clarke Checks, Inc.,* 711 F.2d 966, 971 (11th Cir. 1983)). This rule, known as the "blank forms rule," was first articulated in *Baker v. Selden,* in which the Supreme Court found that forms consisting of ruled lines and labeled columns displaying how a certain bookkeeping system should be implemented could not be the subject of copyright. 101 U.S. 99, 107 (1879). The blank forms rule was subsequently codified at 37 C.F.R. § 202.1(c). That regulation states:

> The following are examples of works not subject to copyright . . . (c) Blank forms, such as time cards, graph paper, account books, diaries, bank checks, scorecards, address books, report forms, order forms and the like, which are designed for recording information and do not in themselves convey information.

37 C.F.R. § 202.1(c).[4] The Copyright Office has specifically noted that the rule may apply to blank forms even within works that have been copyrighted. *See* Notice of Termination of Inquiry Regarding Blank Forms, 45 Fed. Reg. 63297-6330 (September 24, 1980) at 63298 ("Copyright registration does not necessarily mean that every element of the registered work is subject to copyright. These principles, although sometimes misunderstood, are firmly established by case law involving blank forms.").

Case law provides some examples of works that are uncopyrightable "blank forms which do not convey information." *See, e.g. Bibbero II*, 893 F.2d at 1106-1108 ("superbills" designed to be used by doctors to obtain reimbursement from insurance companies, which contained boxes for patient information, clauses assigning insurance benefits to doctor and authorizing release of patient information, and two lengthy checklists for the doctor to display diagnosis, services performed, and fees were not copyrightable under blank forms rule); *Advanz*, 21 F.Supp.2d at 1181 (forms related to

---

[4] Some courts have criticized the blank forms rule and the Ninth Circuit's interpretation of that rule in *Bibbero II*. *See Advanz Behaviorial Mgmt. Res., Inc. v. Miraflor*, 21 F. Supp. 2d 1179, 1183-89 (C.D. Cal. 1998) (summarizing criticism of blank forms rule and *Bibbero II*). However, this court is bound by the Ninth Circuit's clear articulation of the blank forms rule in *Bibbero II*, which remains good law. *See id.* at 1189 ("Since [*Bibbero II*] is controlling authority, however . . . such criticism is essentially beside the point, at least for present purposes . . . . In the Ninth Circuit, then the blank forms rule denies copyrightability to forms consisting entirely of spaces for the recording of information, whether labeled or unlabeled, that are not accompanied by text conveying information, such as instructions regarding the use of the forms.").

home health care management consisting of "labeled blank spaces in which check marks may be made or information may be recorded," e.g. worker name, title, signature, and date, were not copyrightable under blank forms rule); *Calyx Technologies, Inc. v. Ellie Mae, Inc.*, No. 04-cv-1640 SI, 2005 WL 2036918, at *4 (N.D. Cal. Aug. 22, 2005) (involving software that creates displays on a computer screen consisting of "numerous [labeled] empty boxes designed specifically for the user to input data"; screen displays were blank forms not subject to copyright); *Pathfinder Corp. v. Sagamore Training Sys., LLC*, No. 09-cv-0540-JMS, 2010 WL 2771872, at *2 (S.D. Ind. July 13, 2010) (blank column labeled "Notes" in the margin of insurance textbook was not copyrightable under blank forms rule); *Perma Greetings, Inc. v. Russ Berrie & Co., Inc.*, 598 F. Supp. 445, 448 (E.D. Mo. 1984) (message portion on the back of a mug coaster "consist[ing] of a one line [bordered] area and the word *message* written inside the [border] near the top of the enclosed blank space" was "unprotected according to 37 C.F.R. § 202.1") (emphasis in original).

Cases applying the blank forms rule also provide counterexamples of works that *are* subject to copyright because they "convey information." Some of these cases were summarized by the Ninth Circuit in *Bibbero II*:

> Although blank forms are generally not copyrightable, there is a well-established exception where text is integrated with blank forms. Where a work consists of text integrated with blank forms, the forms have explanatory force because of the accompanying copyrightable textual material. *See Edwin K. Williams & Co. v. Edwin K. Williams & Co.-East,* 542 F.2d 1053, 1061 (9th Cir.1976) (combination of instruction book and blank forms constituting an integrated work held to be copyrightable), *cert. denied,* 433 U.S. 908, 97 S.Ct. 2973, 53 L.Ed.2d 1092 (1977); *Continental Casualty Co. v. Beardsley,* 253 F.2d 702, 704 (2d Cir. [1958]) (form with inseparable instructions copyrightable), *cert. denied,* 358 U.S. 816, 79 S.Ct. 25, 3 L.Ed.2d 58 (1958); *Januz Marketing Communications, Inc. v. Doubleday & Co.,* 569 F.Supp. 76, 79 (S.D.N.Y.1982) (same).

*Bibbero II,* 893 F.2d at 1106-07. In *Bibbero II*, the court noted that the uncopyrightable superbills "include[d] some simple instructions to the patient on how to file an insurance claim using the form . . . [but] [t]hese instructions are far too simple to be copyrightable as text in an of themselves, unlike the instructions in other 'text with forms' cases" such as *Williams*.[5] *Id.* at 1108.

---

[5] In *Williams*, the Ninth Circuit found that account books with several pages of instructions on the use of the included gas station record keeping forms and advice on the successful management of a service station conveyed information and were therefore copyrightable. 542 F.2d at 1060-61.

Based on the facts alleged in and the exhibits attached to the complaint, the court concludes that Plaintiff's "Personalizable Beverage Name Space" is not copyrightable because it is a blank form designed for recording information that does not in itself convey information. Like the labeled blank spaces for check-marks in *Advanz*, the blank space designated for marginalia in *Pathfinder*, and the blank space labeled "Message" on the back of the coasters in *Perma*, the "Personalizable Beverage Name Space" is simply a blank form that gives a consumer a convenient method for recording information. It does not convey information, nor does it have even simple instructions for use, let alone the "text integrated with blank forms" that could make the work arguably copyrightable. As such, it is a blank form falling within the definition of 37 C.F.R. § 202.1(c), and cannot serve as the basis for Plaintiff's claim for copyright infringement.

**B. Other Arguments**

Defendant also argues that the "Personalizable Beverage Name Space" is not copyrightable because it is purely functional, and that copyright law does not protect utilitarian features. In addition, Defendant argues that even if the "Personalizable Beverage Name Space" is entitled to copyright protection, Plaintiff cannot prevail because "the undisputed facts show that Moore will not be able to establish that [Plaintiff] 'copied' any protect[ed] feature of her Asserted Copyright . . . . [because] Kroger (i) independently created the Kroger Label, and (ii) the Kroger Label is not substantially similar to Moore's Asserted Copyright." Mot. at 10. Because the court finds that the "Personalizable Beverage Name Space" is not copyrightable pursuant to the blank forms rule, it declines to reach these additional arguments.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for judgment on the pleadings is **granted** in favor of Defendant on its counterclaim for declaratory judgment for non-infringement and against Plaintiff on her copyright infringement claim.

//

//

//

//

This court must freely give leave to amend when justice so requires.  Plaintiff is self-represented.  While it appears that amendment may be futile, it is prudent to grant Plaintiff leave to amend her complaint to address the deficiencies noted in this order.  Any amended complaint must be filed by **April 3, 2014.**

IT IS SO ORDERED.

Dated:  February 28, 2014



_____
DONNA M. RYU
United States Magistrate Judge